PER CURIAM.
Samuel Boswell ("defendant") appeals the judgment of the trial court that defendant had attained habitual felon status. For the reasons stated herein, we conclude that the trial court did not err.
Defendant was indicted and tried before a jury on charges of second-degree trespassing, resisting a public officer, assault on a government official, possession with intent to sell and deliver cocaine, and attaining habitual felon status. The jury convicted defendant of second-degree trespassing, resisting a public officer, and the lesser-included offense of possession of cocaine. Subsequently, the jury adjudicated defendant an habitual felon. The jury acquitted defendant of possession with intent to sell anddeliver cocaine and assault on a law enforcement officer. The trial court sentenced defendant to ten days with credit for time served pending trial for the conviction of second-degree trespassing, and thirty days with credit for time served pending trial for the conviction of resisting a public officer. A minimum sentence of 120 months and a maximum of 153 months was imposed for the conviction of felony possession of cocaine because defendant was an habitual offender. Defendant was given credit for 189 days served pending trial. It is from this conviction that defendant appeals.
As an initial matter, we note that defendant's brief contains arguments supporting only two of the original twelve assignments of error on appeal. The omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004). We therefore limit our review to the assignments of error addressed in defendant's brief.
Although defendant concedes that his criminal record contains a prior conviction for cocaine possession, he asserts that because possession of cocaine is a misdemeanor, the trial court erred in adjudicating him an habitual felon. As an ancillary argument, defendant asserts that his conviction of cocaine possession in the case at bar is a misdemeanor which does not trigger habitual felon status.[1] We disagree with both arguments. North Carolina General Statute § 14-7.1 (2003) defines a habitual felon as "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof." In the recent case of State v. Jones, our Supreme Court definitively stated that "possession of cocaine is a felony and therefore can serve as an underlying felony to an habitual felon indictment." 358 N.C. 473, 476, 598 S.E.2d 125, 127 (2004).
In accordance with Jones, we hold that the prior conviction of cocaine possession and the conviction in the case at bar were properly used to determine defendant's habitual felon status. Accordingly, we conclude that the trial court did not err.
NO ERROR.
Panel consisting of:
Judges TIMMONS-GOODSON, HUNTER, and McCULLOUGH.
Report per Rule 30(e).

Defendant filed a motion with this Court to amend the record on appeal to include this assignment of error. The motionwas allowed after defendant filed his appellate brief and before the State filed its appellate brief. However, in anticipation of our ruling, both parties argued this assignment of error in their briefs, and thus we address it in our opinion.